M/P

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

FILED
07 DEC 10 AM 10: 12
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
DEPUTY

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**1.) Jesse BENAVIDES, Jr.**<br>**2.) Jose Juan FERNANDEZ-Fernandez,**<br>**AKA: Jose BECERRA-Casillas**<br><br>Defendant(s) | Magistrate Case No.<br><br>COMPLAINT FOR VIOLATION OF:<br><br>Title 8 U.S.C., Sec. 1324 (a) (1) (A) (ii)<br>Transportation of Illegal Aliens<br><br>'07 MJ 2848 |

The undersigned complainant, being duly sworn, states:

On or about **December 7, 2007,** within the Southern District of California, defendant **Jesse BENAVIDES Jr., and Jose Juan FERNANDEZ-Fernandez AKA Jose BECERRA-Casillas** with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, **Esther GONZALEZ-Diaz, Omar Abraham ROJAS-Rojas , Gabriel HERNANDEZ-Cortez and Victorino DIAZ-Reyes** had come to, entered and remained in the United States in violation of law, did transport and move, said aliens within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **10th** DAY OF **DECEMBER, 2007**

Barbara L. Major
UNITED STATES MAGISTRATE JUDGE

**CONTINUATION OF COMPLAINT:**
**1.) Jesse BENAVIDES, Jr.**
**2.) Jose Juan FERNANDEZ-Fernandez, AKA Jose BECERRA-Casillas**

MLP

## PROBABLE CAUSE STATEMENT

I declare under the penalty of perjury that the following statement is true and correct:

Furthermore, the complainant states that **Esther GONZALEZ-Diaz, Omar Abraham ROJAS-Rojas , Gabriel HERNANDEZ-Cortez and Victorino DIAZ-Reyes** are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On December 7, 2007, at approximately 6:00 p.m., Border Patrol Agent J. Weiss was performing his assigned scope operator duties when he observed a group of approximately 13 illegal aliens on top of an area known as "Airport Mesa." Airport Mesa is located two miles east of the town of Jacumba, California and approximately 25 miles east of the Tecate, California Port of Entry. The southern area of Airport Mesa marks the United States/ Mexico International boundary and is routinely utilized by illegal alien foot-guides because of its elevation. The guides are able to monitor Border Patrol agent's movements in order to cross their groups into the United States. Old Highway 80 is located just north of Airport Mesa and parallels the border for several miles to the east and to the west. Alien and narcotic smugglers like to use this area due to the close proximity to the border and the quick and easy access to Interstate 8 in both east and west directions. At approximately 6:10 p.m., Border Patrol Agent B. Beaton and Supervisory Border Patrol Agent Jose Ortiz responded to the area in an attempt to observe the group of illegal aliens observed by Agent Weiss descend from the Airport Mesa. At approximately 6:15 p.m., Agent Weiss relayed via service radio that the group was now walking northbound towards Old Highway 80 from the west face of the Airport Mesa. Agent Ortiz responded from Interstate 8 and positioned himself on Carrizo Gorge Road to wait for further information on the group's location. At approximately 6:24 p.m., information was relayed by Agent Weiss that the group was now "loading" into a vehicle and departing the area northbound on Carrizo Gorge Road. Agent Weiss had visual contact of the vehicle at all times. Once agents stated they had visual of the vehicle that Agent Weiss reported, Agent Weiss returned his attention to the remaining subjects that were left behind near Old Highway 80.

Agent Weiss returned his scope to the area where he observed the subjects enter the vehicle and observed four remaining individuals that did not load into the vehicle. Agent Weiss advised agents on foot near the location of the remaining subjects still near the Airport Mesa. Agent Weiss stated that one of the subjects, later identified as Defendant #2 **Jose Juan FERNANDEZ-Fernandez, AKA: Jose BECERRA-Casillas** approached the vehicle but did not enter. Agent Weiss observed FERNANDEZ guide the individuals to the vehicle but instead of entering the vehicle he returned south towards the three subjects who were left behind.

FERNANDEZ and the three remaining subjects were approximately 150 yards south of Old Highway 80 where the others loaded. It is a common smuggling tactic for the foot-guide to take the smuggled illegal aliens to the place where they will be picked up and then the foot-guide returns south back to Mexico. Agent Weiss was able to direct Border Patrol Agent M. Zakraysek to the location where the remaining four subjects were attempting to conceal themselves in the brush. FERNANDEZ began to run away from the three subjects that were concealed as agents approached his location. FERNANDEZ ran due south towards Mexico which at this point was approximately 200 yards south of their location.

MJP

**CONTINUATION OF COMPLAINT:**
**1.) Jesse BENAVIDES, Jr.**
**2.) Jose Juan FERNANDEZ-Fernandez, AKA Jose BECERRA-Casillas**

Agent Weiss while still using an infrared thermal imaging scope guided Agent Zakraysek to FERNANDEZ' location and take him into custody. Agent Zakraysek identified himself as a Border Patrol agent and questioned FERNANDEZ as to his citizenship. FERNANDEZ stated that he is a national and citizen of Mexico and did not have any documents that would allow him to be in the United States legally. Agent Weiss was then able to guide Agent Zakraysek north to the remaining three individuals. Agent Zakraysek was able to locate and apprehend the three remaining subjects. Agent Zakraysek identified himself as a Border Patrol agent and questioned the three subjects as to their citizenship. All three subjects stated that they were citizens and nationals of Mexico who did not have any legal immigration documents that would allow them to be or remain in the United States. FERNANDEZ and the three subjects were arrested and transported to the Boulevard Station for processing.

Agent Ortiz drove southbound on Carrizo Gorge Road and after approximately five seconds observed the only vehicle traveling northbound, a silver Tahoe Chevrolet SUV, drive past his location on Carrizo Gorge at a high rate of speed. Agent Ortiz immediately performed a U-turn on Carrizo Gorge road in an attempt to further observe the silver Tahoe's direction of travel. As Agent Ortiz approached the Interstate 8 Jacumba interchange, he noticed that the silver Tahoe was now traveling westbound on Interstate 8. Agent Ortiz relayed this information to all units in the area and continued to observe the silver Tahoe from a distance behind the Tahoe. At approximately 6:26 p.m., Agent Ortiz notified Sector Dispatch of the situation and relayed the silver Tahoe's location to other agents in the area.

Agent Ortiz continued to follow the silver SUV for approximately three miles and updated other agents that were responding. Boulevard agents relayed to Agent Ortiz that a Controlled Tire Deflation Device (CTDD) was in place on westbound Interstate 8 just west of the McCain Valley Bridge. At approximately 6:28 p.m., Agent Ortiz relayed to Sector Dispatch that he was going to attempt a vehicle stop on the silver Tahoe. Agent Ortiz activated his lights and siren on his marked service vehicle and noticed that the silver SUV was not yielding. Agent Ortiz immediately relayed this information to the agents who were positioned at the McCain Valley Bridge. Agent Ortiz remained in the #1(passing) lane approximately one-quarter mile behind the silver Tahoe.

At approximately 6:30 p.m., Supervisory Border Patrol Agent M. Hansen deployed the CTDD just west of the McCain Valley Bridge and successfully deflated the tires of the silver Tahoe. The driver of the Tahoe continued to travel west bound at a high rate of speed on the Tahoe's deflatting tires. The force with which the tires drove over the CTDD caused the device to be catapulted some distance away pulling Agent Hansen's hand with it. The force caused great tension in the rope, severing the top third section of Agent Hansen's middle left finger. Agent Hansen realized that he needed medical attention and with another agent immediately driving him they departed to Grossmont Hospital for medical attention. Agents in the area and others responded to the area where Agent Hansen had deployed the CTDD and approximately one hour later they located the severed piece of Agent Hansen's finger. They immediately drove the piece of the finger to the hospital but doctors stated that they would be unable to reattach the piece.

Immediately after the CTDD was deployed, Agent Aoude was located west of the CTDD and observed the vehicle approaching his location. Agent Aoude observed the driver driving in an erratic fashion and having a hard time maintaining control of the Tahoe as he continued to drive the silver Tahoe on westbound I-8 for approximately 2.9 miles. The driver then made an abrupt left hand turn through a median approximately one mile west of the Ribbonwood Exit on I-8. At this location, the driver drove the disabled silver Tahoe through the median of Interstate 8. The driver drove across the dirt median on the silver Tahoe's rims into oncoming traffic in the east bound lanes of Interstate 8 with little regard to the lives of the people in the vehicle or that of the other vehilces traveling on the interstate.

MU/P

**CONTINUATION OF COMPLAINT:**
**1.) Jesse BENAVIDES, Jr.**
**2.) Jose Juan FERNANDEZ-Fernandez, AKA Jose BECERRA-Casillas**

Agent Aoude parked his vehicle on the emergency turnaround and began running after the Tahoe on foot. Agent Aoude maintained visual of the Tahoe for a tenth of a mile and observed the vehicle stop in the middle of the #2 lane of I-8. As Agent Aoude approached the vehicle, he observed the driver's side door open. Agent Aoude immediately shined his flashlight on the driver side door, observing one occupant, wearing a black jacket, blue jeans, and white shoes depart from the vehicle and began running southbound up a hill to avoid being apprehended. Agent Aoude also observed three other occupants, two from the passenger side door, and one from the driver side rear door, follow the driver up the hill. Other agents arrived on scene and secured the Tahoe. Arriving Agents identified themselves as Border Patrol agents and questioned the occupants of the vehicle as to their citizenship. All subjects stated that they were citizens and nationals of Mexico and did not have any legal immigration documents that would allow them to be in the United States legally. As Agent Clay Liedecke was removing the people from the Tahoe, he observed three black trash bags behind the driver's seat. The smell eminating from the bags was that of marijuana. Agent Liedecke also located a Kenwood two-way radio in the center console between the driver's seat and passenger's seat. All seven subjects were arrested and taken to the Boulevard Station along with the three black bags for processing. Field Operations Supervisor C. Allen arrived at the scene where the vehicles came to a stop.

Agents began following the foot sign of the four subjects who ran from the silver Tahoe. This was the only foot-sign in the area. Initially all four subjects stayed together while running from the pursuing agents. After a short distance, one of the subjects broke away from the others and headed in a completely opposite direction. While following the foot-sign, a fresh bloody hand print was found on a fence post. Agent Petras found another Kenwood two-way radio on the ground at the same fence post. Agents continued to follow the sign southbound. Agents believed that one of the subjects had suffered lacerations on his/her hand based on the blood on the post.

A short time later, FOS Allen was notified by Agent J. Fistola that he had located foot-prints that matched the description FOS Allen had described on the radio and was proceeding to follow the foot prints. Approximately thirty minutes later, FOS Allen was notified by Agent Fistola that the foot-prints had led him to a subject that was trying to conceal himself under some bushes north of Interstate 8. Agent Fistola apprehended the subject.

At approximately 11:00 p.m., Agent J. Petras arrived on scene to assist Agent Fistola. Agent Fistola identified himself as a Border Patrol Agent and questioned the subject later identified as Defendant #1 **Jesse BENAVIDES JR.** as to his citizenship in the Spanish language. BENAVIDES stated that he was from Tijuana, Baja California, Mexico. Agents believed the laceration on his hand was caused by jumping over the barbed wire fence. BENAVIDES also had scratches on his face consistant with running through the thick brush at night with no light to see. BENAVIDES was arrested and transported to the Boulevard Station for processing.

At the station, Agent Aoude positively identified BENAVIDES was the individual that he observed running away from the silver Tahoe.

**CONTINUATION OF COMPLAINT:**
**1.) Jesse BENAVIDES, Jr.**
**2.) Jose Juan FERNANDEZ-Fernandez, AKA Jose BECERRA-Casillas**

**MATERIAL WITNESSES STATEMENTS:**

The statements of material witnesses **Esther GONZALEZ-Diaz, Omar Abraham ROJAS-Rojas, Gabriel HERNANDEZ-Cortez and Victorino DIAZ-Reyes** agree in summary, that they are citizens and nationals [illegible]

[illegible]

Executed on December 9, 2007 at [illegible]

Terri L. Dimaline
Senior Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of 4 pages, I find probable cause to believe that the defendant named in this probable cause statement committed the offense on **December 7, 2007**, in violation of Title 8, United States Code, Section **1324**.

Barbara L. Major
United States Magistrate Judge

12/9/07 at 4:28PM
Date/Time

**CONTINUATION OF COMPLAINT:**
**1.) Jesse BENAVIDES, Jr.**
**2.) Jose Juan FERNANDEZ-Fernandez, AKA Jose BECERRA-Casillas**

M/P

**MATERIAL WITNESSES STATEMENTS:**

The statements of material witnesses **Esther GONZALEZ-Diaz, Omar Abraham ROJAS-Rojas, Gabriel HERNANDEZ-Cortez and Victorino DIAZ-Reyes** agree in summary that they are citizens and nationals of Mexico and illegally present in the United States. They stated that they do not have any immigration documents allowing them to be in the United States legally. They stated that arrangements had been made in Mexico to be smuggled into the United States.

The material witnesses stated that they were to pay between $2,500.00 to $2,600.00 U.S. dollars to be smuggled into the United States. The material witnesses were presented with a photo lineup consisting of 13 different photos. The material witnesses were able to identify **Jose Juan FERNANDEZ-Fernandez, AKA Jose BECERRA-Casillas** as one of the foot guides.

**Executed on December 9, 2007 at 1:00 P.M.**

Terri L. Dimolios
Senior Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of 4 pages, I find probable cause to believe that the defendant named in this probable cause statement committed the offense on **December 7, 2007,** in violation of Title **8**, United States Code, Section **1324**.

Barbara L. Major
United States Magistrate Judge

Date/Time